UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| D. Y., by his next friend and parent, Chelisa Grimes, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-1241-WTL-DKL |
| ) | |
| INDIANAPOLIS PUBLIC SCHOOL CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON DEFENDANTS' MOTION TO STRIKE COMPLAINT

This cause is before the Court on the Defendants' motion to strike the Plaintiff's complaint (dkt. no. 39). The motion is now ripe for ruling, and the Court, being duly advised, **DENIES** the Defendants' motion.

On August 31, 2012, Plaintiff D.Y. filed his complaint against the Defendants, asserting eight claims for relief related to harassment he allegedly suffered during the 2011-2012 school year and the Defendants' alleged failure to address it. The Defendants argue that the complaint–which is 32 pages long and contains 106 paragraphs and 8 specific prayers for relief–does not comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a claim for relief consist of a "short and plain statement" and 8(e)(1)'s provision for "simple, concise, and direct" allegations. According to the Defendants, the form and structure of the Complaint unnecessarily complicates the process of drafting a response, as they must "sift" through its "cumbersome" narrative. The Defendants specifically take issue with several multi-sentence paragraphs describing the actions of multiple actors and the Plaintiff's repeated allegations that certain Defendants did "nothing" in response to certain episodes of harassment. However, these features do not render a response inordinately burdensome. Each action complained of in a multi-

sentence paragraph is clearly attributed to its respective actor, and it is as easy for the Defendants to respond to the repeated allegation that a Defendant did "nothing" as it was for the Plaintiff to cut and paste it. While the Complaint is indeed detailed, it is simple and pointed in thrust, as the circumstances alleged to give rise to the Plaintiff's complaint are abundantly clear. It is true that the facts alleged go beyond what is necessary to give the Defendants notice of the charges against them, but that is not sufficient reason to strike the Complaint:

> Some complaints are windy but understandable. Surplusage can and should be ignored. Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case. A district court is not "authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading."

*United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (citation omitted).

The Defendants also argue that the Complaint should be stricken in part or in its entirety because it includes "scandalous matter" – scandalous, apparently, because it is inaccurate. Fed. R. Civ. P. 12(f). The Court has already declined to strike the Complaint on its surplusage and it further declines to strike it in whole or in part due to any "scandal" stirred up by the Complaint. The Federal Rules provide the Defendants with an effective tool for negating inaccurate allegations – their Answer.

For the foregoing reasons, the Defendants' motion to strike the Plaintiff's Complaint is **DENIED**.

SO ORDERED:   11/27/2012

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.